Argued March 10, affirmed March 30, 1960

# DAVIS *v.* DEAN
350 P. 2d 910

*R. V. Cook,* Gresham, argued the cause and filed a brief for appellant.

*Thomas R. Williams,* Portland, argued the cause for respondent. With him on the brief were Benson & Davis, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and HOLMAN, Justices.

HOLMAN, J. (Pro Tempore)

Plaintiff, Davis, and defendant, Dean, were operators of separate motor vehicles which were involved in an accident on January 26, 1956, while both were traveling in a northeasterly direction on northeast Sandy Boulevard in Portland. The pavement was completely covered with snow and was very slick. Plaintiff brought this action for personal injuries he claims he sustained to his neck and back in the accident as a result of defendant's negligence. He claims that as he was slowing down for a car in front of him, defendant hit him from the rear, throwing his vehicle out of control causing it to crash into a telephone pole. Defendant claims the accident was caused by plaintiff's negligence in swerving his car directly in front of him from another lane of traffic so that he was forced to hit plaintiff's vehicle in the side. Plaintiff appeals after an adverse decision by the jury.

On October 22, 1956, before the trial of the instant case, plaintiff was injured in another automobile accident. Following the second accident, defendant had him examined by defendant's doctor and also took plaintiff's deposition. Plaintiff, in giving his history to defendant's doctor, did not disclose he had been

injured about a month before in the second accident and was suffering from injuries caused by it. Upon having his deposition taken, he denied having been injured or involved in any other accident and said he was presently suffering with his neck, lower part of his back, and his left leg, for which he was being treated by a doctor.

Prior to the trial of this case, he settled his claim against one of the two claimed joint tort-feasors in the second accident.

At the time of trial, plaintiff on direct examination disclosed his injuries in the second accident, and admitted on cross examination that he had not told defendant's doctor of the second accident or that he had suffered any injuries therein, nor had he told defendant's lawyer on deposition of the second accident. He also admitted that the condition for which he was being treated at the time of his deposition was the result of the second accident and that he had not disclosed this.

Thereafter, defendant, over plaintiff's objection, was permitted to show, both by cross examination of plaintiff and by the testimony of the adjuster for the insurance carrier for one of the claimed joint tort-feasors in the second accident, the following:

1) That plaintiff made a claim for injuries sustained in the second accident;

2) That he settled his claim against one of the claimed joint tort-feasors in the second accident;

3) That he did not disclose to the other parties in the second accident that he had been in the accident involved in the instant case and at the time one of them settled with him that party had no knowledge of the first accident;

4) That the party with whom he settled in the

second accident was furnished a medical report by plaintiff which did not mention injuries from the first accident, and the settlement was based on this medical report.

■ It was proper to show that at the same time he was pressing his claim in the instant case plaintiff was also making a claim against another party for similar injuries. It was in the nature of a statement against his interest in this case.

■ Plaintiff's doctor's report of his physical condition after the second accident, which was furnished one of the claimed joint tort-feasors in the second accident, was relevant. The absence of any mention of injuries then existing which were attributable to the first accident indicates he was at that time recovered from them.

■ The payment of plaintiff's claim in the second accident and the basis on which it was paid was immaterial. A payment of such claim by a third party involves the third party's evaluation not only of the injuries but many other factors. It is irrelevant both because it represents the judgment of a third party and because it is concerning a collateral matter.

■ Plaintiff's failure to disclose the first accident to his adversaries in the second accident would also be irrelevant, as would be their lack of knowledge of the first accident. This is an attempt to impeach plaintiff's credibility by evidence of a specific wrongful act, by indicating that he was not making an honest disclosure in an unrelated claim against a third party. A person cannot be impeached by evidence of particular collateral wrongful acts. *Leverich v. Frank,* 6 Or 212; *State v. White,* 48 Or 416, 87 P 137.

■ This rule has been enacted by statute in ORS 45.600, which is as follows:

"A witness may be impeached by the party

against whom he was called, by contradictory evidence or by evidence that his general reputation for truth is bad or that his moral character is such as to render him unworhty of belief; but he may not be impeached by evidence of particular wrongful acts, except that it may be shown by his examination or by the record of the judgment, that he has been convicted of a crime."

The trial court committed error in admitting the irrelevant testimony as indicated. This error would normally have been prejudicial. We cannot, however, say that it was prejudicial in this case. The irrelevant testimony would tend to indicate that plaintiff's credibility was not good because he had been successful in getting an entirely separate claim paid as a result of not making an honest and full disclosure. Prior to this objectionable testimony being admitted, the plaintiff, by his own admissions, had destroyed any credibility he might have had. He admitted that during his deposition he had lied and misrepresented concerning the second accident and his resultant injury. His credibility was already prejudiced beyond recall.

Plaintiff contends that the questions asked him on his deposition concerning prior accidents and his then physical condition were not specific enough to require him to disclose the second accident and the injuries received therein. After an examination of the transcript, we cannot share that view.

Plaintiff has only one other assignment of error that we believe worth mentioning. He contends that the court erred in failing to take from the consideration of the jury two specifications of contributory negligence against plaintiff. One was the claim that plaintiff failed to maintain a proper, or any, lookout; the other that plaintiff turned from the outside lane

of traffic into the inside lane of traffic without signaling his intention to do so.

Defendant testified that plaintiff's car swerved from the outside lane of traffic to the inside lane of traffic where defendant hit him. There was no direct testimony that plaintiff was not looking. However, if his car turned directly in front of defendant, such an inference can be drawn.

■ Plaintiff claims there is no duty to give a signal for a turn unless it is intentional and that the evidence in this case shows the turn was caused, if at all, by plaintiff's car slipping on the ice. Defendant testified he believed the reason plaintiff's car came into his lane of traffic was because it was out of control. Plaintiff denied that his car was out of control to such an extent. Plaintiff's denial of loss of control of his car, coupled with defendant's testimony that he came into defendant's lane of traffic, would be sufficient evidence from which the jury could find that plaintiff had control of his car and swerved into defendant's lane.

There being no prejudicial error, the judgment of the trial court is affirmed.