Argued September 27, reversed and remanded for new trial December 18, 1978, petition for review denied May 1, 1979, 286 Or 303

# OLSON, *Appellant,*
## *v.*
# HAYES, *Respondent.*
## (No. 7607 10322, CA 10040)

588 P2d 68

Gary I. Grenley, Portland, argued the cause for appellant. With him on the briefs were Stoll & Stoll, and Alan S. Larsen, Portland.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, and James F. Spiekerman, Portland.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

## JOHNSON, J.

This is a personal injury case wherein plaintiff appeals the verdict and judgment in her favor of $3,585. She seeks a new trial, assigning as error certain rulings of the trial court.

Plaintiff was injured when her car was struck from the rear by defendant on August 9, 1974. The trial court directed a verdict for plaintiff on the issue of negligence. The sole issue at trial was damages. On December 7, 1974, plaintiff was involved in a second rear-end collision with another driver. Plaintiff's doctor testified that as a result of the first accident, plaintiff suffered acute sprain of the cervical spine, and that the second accident aggravated that injury. He further testified that to a medical certainty plaintiff continued to suffer adverse physical effects requiring medical treatment after the second accident, but that he could not state what portion of the post-December 7, 1974 effects or treatment was attributable to the first accident. No other medical testimony was offered.

Plaintiff also brought an action against the driver in the second accident. The complaint was identical to the complaint in this case except for the name of the defendant and the date of the accident. Both complaints alleged and prayed for special damages of $776 for medical expenses, $7,238.40 for lost wages, and for general damages of $50,000. In the second accident case plaintiff signed a release in return for $7,500 paid in settlement and her complaint against that driver has been dismissed.

Plaintiff's assignments of error are directed at the following rulings by the trial court. (I) Because plaintiff's doctor was unable to state what portion of plaintiff's injuries are attributable to the second accident, the trial court prevented plaintiff's witnesses from testifying concerning adverse physical effects, medical expenses, and loss of work suffered by plaintiff after the second accident. In addition, the jury was

instructed that it could not award special damages with respect to any physical effects, medical expenses, or loss of work that had occurred after the second accident. (II) The trial court admitted the release indicating the amount of the settlement in the second accident. (III) The trial court denied plaintiff's motion to strike defendant's affirmative defense. The assignments pertaining to category I above are well taken and we remand for new trial. Also, the affirmative defense should have been stricken.

## I

■ Plaintiff has the burden of proving that defendant's negligence caused the harm. Here, plaintiff's burden became complicated because, although she was able to establish that as a result of defendant's negligence she continued to suffer injuries after December 7, 1974, the date of the second accident, she is unable to show with any certainty what portion of the post-December 7, 1974, injuries is attributable to defendant's negligence. The trial court excluded the evidence offered by plaintiff because it was too speculative. In *Carter v. Moberly,* 263 Or 193, 501 P2d 1276 (1972),[1] the

---

[1] In *Carter v. Moberly,* the court stated:

"In this case, the evidence in question was objected to as being too 'remote.' Such an objection requires the trial judge to assess the probative value of the proffered evidence, and to weigh the probative value against various considerations which may militate against admissibility, such as undue prejudice, introduction of collateral issued, consumption of undue time, or unfair surprise to the other party. McCormick on Evidence (2d ed 1972), 439-440, § 185. If he finds the evidence to have no probative value, he must exclude it. If, on the other hand, it does tend to establish a fact in issue, and no contrary considerations are present in the particular case, the evidence must be admitted. Between these two extremes, however, is an area in which further judgment must be exercised. If the evidence has some probative value, but also presents difficulties such as those mentioned above, the judge must determine whether the value of the evidence outweighs, or is outweighed by, the offsetting considerations. We sometimes call the exercise of this kind of judgment 'discretion.' Its exercise requires the judge to weigh the value of the evidence in light of all the circumstances of the particular case, and his conclusion, if it is reasonable, will not be disturbed on appeal. Precedent is of little value in reviewing such cases, because even when cases involve similar issues and similar

Supreme Court held that trial courts have considerable discretion in assessing the probative value of evidence. Nonetheless, under the particular circumstances presented in this case, we are convinced that the trial court has exceeded its discretion. We are confronted here with a situation where two separate torts have combined to cause a single harm. The rule of joint and several liability applied to joint tortfeasors is inappropriate because defendant should not be liable for that portion of the injuries attributable to the second accident. Conversely, plaintiff should not be precluded from recovering damages from either defendant or the driver in the second accident solely because she is unable to establish with any certainty what portion of her injury is attributable to the first or second accident. Professor Prosser states that the approach followed by most courts when confronted with this problem has been to relax the requirements of proof and permit the parties broad latitude in offering evidence that in some way relates to the apportionment of the harm.[2] The jury is then left to iron out a rough apportionment and decide what the defendant should pay. *See* Prosser, Law of Torts § 52 at 319-20 (4th ed 1971). Among the cases cited by Prosser is *Pacific Livestock Co. v. Murray,* 45 Or 103, 76 P 1079 (1904), wherein plaintiff sought damages for trespass by defendant's sheep on plaintiff's grazing land. The court stated that competent testimony as to the value of the grass eaten would be admissible. It also held

types of evidence, the other factors which may properly influence the trial court's ruling are highly variable. We simply determine whether, on the facts of the particular case, the trial court's ruling was within the reasonable or permissible range. We need not determine whether his ruling was the only one possible. It may be that the record will support either admission or exclusion; if so, the trial court's ruling will be affirmed, regardless of which solution we would prefer."

263 Or at 200-01. (footnote omitted)

[2] A few jurisdictions have adopted the Restatement (Second) of Torts view that where two separate torts combine to cause a single injury, the burden of proof shifts to the defendant to show which portion of the injury that he is responsible for. *See* Restatement (Second) of Torts §433(b) (1965).

[ 587 ]

that it was error to exclude defendant's evidence that livestock other than defendant's had also damaged plaintiff's grass, although presumably defendant was not able to show how much of the grass was eaten by the respective trespassers.

■■ Applying the above principles here, the evidence of plaintiff's post-December, 1974 medical expenses, adverse physical effects, and lost wages was relevant to show the total damages suffered by plaintiff as a result of the two accidents. Plaintiff's doctor testified that only a portion of this amount is attributable to the first accident. The trial court then should have instructed the jury to make an apportionment. *See also* Restatement (Second) of Torts § 434 (1965).

## II

The trial court over plaintiff's objection permitted defendant to introduce the release from the second accident indicating that plaintiff had received $7,500 in settlement. In allowing this evidence, the trial court also made it clear that it would allow any evidence concerning the basis upon which the settlement had been reached. Plaintiff on rebuttal called the insurance adjuster who testified as to the matters that were considered in arriving at the settlement amount.

In *Davis v. Dean,* 221 Or 110, 350 P2d 910 (1960), the factual setting was similar to the present case in that the plaintiff was injured in an accident on January 26, 1956, and in a second accident on October 22, 1956. The first accident was the subject of the case on appeal. The distinguishing factor, however, is the circumstances out of which the amount of the settlement in the second accident was offered into evidence. Plaintiff had testified in his deposition prior to trial that he continued to be treated for injuries resulting from the first accident and denied ever being involved in the second accident. At trial he disclosed the second accident and the injuries resulting therefrom, and also admitted on cross-examination that the injuries he was being treated for at the time of his disposition

were the result of the second accident. Defendant, over plaintiff's objection, offered for purposes of impeachment evidence of the claim in the second accident and the amount of the settlement. With respect to the amount of the settlement, the court stated:

"The payment of plaintiff's claim in the second accident and the basis on which it was paid was immaterial. A payment of such claim by a third party involves the third party's evaluation not only of the injuries but many other factors. It is irrelevant both because it represents the judgment of a third party and because it is concerning a collateral matter." 221 Or at 114.

The court held, however, that the error was not prejudicial because plaintiff had already impeached himself.

Unlike *Davis v. Dean, supra,* the relevance of the settlement here is to determine what portion of the post-December 7, 1974, injuries was attributable to the second accident. This is not a collateral matter. While obviously the settlement was in part based upon a third party's evaluation, it also was in part based upon plaintiff's evaluation, and thus has some relevance. Furthermore, in *Davis* plaintiff had already admitted that the post-second accident injuries were not the result of defendant's negligence.

Closer in point is the more recent decision in *Marsh v. Davidson,* 265 Or 532, 510 P2d 558 (1973), which also involved successive accidents. Plaintiff's claim arose out of an accident occurring in 1971. The trial court admitted defendant's evidence that plaintiff had in 1965 filed a complaint in Nevada claiming similar injuries arising out of a 1965 accident. The trial court, however, would not permit plaintiff to introduce evidence of the amount of the settlement to show how little she had received. The Supreme Court affirmed, stating that while "[t]he amount of a settlement may have * * * some bearing on the severity of plaintiff's injuries, * * * it might also [be] the product of a number of other factors * * *." 265 Or at 538. The court then applied the rule that where the probative

value of the evidence is a matter upon which reasonable persons could differ, it is within the trial court's discretion to admit or exclude the evidence. *See also Carter v. Moberly, supra.*

■ Here the trial court was confronted with successive rear-end collision accidents causing injuries to the same part of the body, occurring within a relatively short time period, and where the complaint in each of the lawsuits alleged the same negligence, injury, and damages. We conclude that it was within the trial court's discretion to admit the evidence of the settlement. Indeed, for the reasons stated with respect to the evidence offered by plaintiff to prove her post-December 7, 1964, injuries, it might well have been an abuse of discretion for the trial court to have excluded the evidence concerning the settlement.

### III

■ The defendant alleged in his answer as an affirmative defense that "plaintiff has been compensated for any injuries or losses alleged in her complaint." The trial court erred in not allowing plaintiff's motion to strike. The fact that plaintiff may have already been compensated is evidence of the extent of her damages resulting from defendant's negligence and not an affirmative defense.

Reversed and remanded for new trial.