Argued and submitted January 26, reversed and remanded November 25, 1987,
reconsideration denied January 15, petition for review denied February 9, 1988
(305 Or 102)

# DORAN,
## *Respondent,*

### *v.*

# CULVER,
## *Appellant.*

## (149,788; CA A37343)

745 P2d 817

Ridgway K. Foley, Jr., P.C., Portland, argued the cause for appellant. With him on the briefs were Jeffrey C. Jacobs, Lake Oswego, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals from a judgment awarding plaintiff general and special damages of $132,213.59 for injuries sustained in an automobile accident. She assigns error to the trial court's exclusion of certain medical and business records and the court's limitation on defendant's cross-examination of a witness. We reverse and remand.

In August, 1982, plaintiff was involved in the accident. She was taken to the hospital complaining of numbness in her right leg and pain across her groin and stomach. X-rays revealed no injuries, and she was discharged. After the accident, she sought medical treatment for pain and tenderness in her hip, leg and shoulder. She was treated by a physical therapist, who testified that plaintiff's upper back, lumbar region, hip, buttocks and legs were tender. She also saw a chiropractor, who concluded that she had suffered damage in the accident to the fifth lumbar nerve. An orthopedic surgeon who examined her concluded that she did not suffer any major physical injury from the accident, but that her chronic pain was the result of agitation of the nervous system from the general trauma of the accident. Plaintiff also presented testimony about her restricted ability to perform physical activity, including household chores and work in the family produce business.

Defendant assigns error to the trial court's exclusion of hospital records which show that plaintiff was admitted to the hospital for other conditions in 1977, 1982 and 1983. Defendant argues that the records are relevant to impeach plaintiff's credibility and to determine the causal connection between the accident and her medical problems. Under OEC 401, relevant evidence means "evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis supplied.)

Exhibit H is a report of plaintiff's hospitalization for a hysterectomy three months after the accident. It indicates that she had suffered heavy menstrual periods and severe cramping for more than two years before the surgery and that she suffered from endometriosis, the symptoms of which include pelvic, lower abdominal and back pain. In addition, it indicates that, at the time of admission, plaintiff was a

"healthy appearing female" in "no acute distress" and makes no mention of the accident. Exhibit G concerns plaintiff's hospitalization in January, 1977, for a dilation and curettage and a tubal ligation and the discovery of a previous cystectomy.

We conclude that Exhibits G and H are relevant. The information in them suggests that plaintiff's gynecological condition and surgeries could have contributed to the back and pelvic pain that she attributes to the accident. *Meislahn v. Demorest,* 48 Or App 631, 617 P2d 322, *rev den* (1980). In addition, the evidence was relevant to impeach plaintiff's testimony of persistent pain and inactivity.

■■ Exhibit I relates to plaintiff's hospitalization in January, 1983, for "flu and asthma syndrome" and for a viral illness contracted in Hawaii. Defendant asserts that the lack of reference in that record to pain or inactivity during a Hawaiian vacation shortly after the accident is relevant to the accuracy of plaintiff's claims of ongoing back pain and other physical limitations since the time of the accident.[1] We agree that the evidence is relevant.

■ Plaintiff also argues that, if there was error in excluding the evidence, it was harmless, because the evidence was otherwise admitted or available. OEC 103(1) provides that not all evidentiary error is prejudicial and that, in order to be grounds for reversal, the error must affect a substantial right of the party. Defendant sought to prove that at least some of plaintiff's alleged pain and injuries and lost earning capacity could be accounted for by the presence of other medical conditions unrelated to the accident. Exclusion of the evidence did affect a substantial right, because defendant was not allowed to develop her theory of the case fully.

Defendant's second assignment of error is that the trial court erred in limiting her cross-examination of plaintiff's husband and in excluding business and tax records relating to the business owned by plaintiff and her husband. This evidence showed past wages received by plaintiff, as well as

---

[1] Plaintiff also argues that the records should have been excluded under OEC 403, because their probative value was substantially outweighed by the danger of prejudice, confusion or undue delay. There is no indication the records would present such a danger.

the profits of the business.

■  Plaintiff argues that evidence of past wages is irrelevant when a plaintiff is not claiming loss of wages, but instead is claiming impairment of future earning capacity. Although there is a distinction between impaired earning capacity and loss of wages, *Porter v. Headings,* 270 Or 281, 527 P2d 403 (1974), lost wages may be relevant to proving impaired earning capacity. Although not the exclusive or necessary method to prove impaired earning capacity, evidence of the difference between actual earnings before and after the injury is a practical and common method used to establish lost earning capacity. *Conachan v. Williams,* 266 Or 45, 60, 511, P2d 392 (1973). The amount of wages may not be the exact measure of the loss, but it is some evidence, usually among other factors, that may aid the jury in determining the extent of impairment of future earning capacity. *Conachan v. Williams, supra,* 266 Or at 56-57. Here, the evidence of plaintiff's past wages was relevant to establishing plaintiff's earning capacity at the time of the accident.

■  Plaintiff also argues that the information in the tax records and defendant's husband's testimony concerning lost profits is irrelevant, because lost profits from a family business cannot establish lost earning capacity. Generally, loss of profits in a business in which the plaintiff is interested cannot be considered as the measure or element of damages for the personal injury. However, when the profits from the business result primarily from the personal endeavors, skill, and attention of the owner, rather than from investment of capital or from labor of other persons, those profits are a proper factor to consider in the determination of the business owner's impaired earning capacity. *See Restatement (Second) Torts,* § 924, *comment c* at 525 (1979).

Plaintiff and her husband operated the fruit stand as a partnership. Occasionally, plaintiff's sons helped in the stand, but otherwise she and her husband operated the business alone. She drew a wage from the family business and shared in the remaining profits. The evidence that defendant sought to submit would have helped measure plaintiff's earning ability and was relevant to a consideration of the value of her future earning capacity. The evidence was not offered as a specific measure of the value of her services, but as one factor

for the jury to weigh in determining the value of her earning capacity. Plaintiff's husband testified that he had to sell the family business, because he could not operate without her in light of the injuries that she allegedly received in the accident. Numerous witnesses and plaintiff testified that she had very limited ability to perform her responsibilities in the fruit stand after the injury. The evidence of plaintiff's wages and the profits of the business was relevant, and the trial court erred in excluding the records and limiting cross-examination.

Reversed and remanded.