Argued and submitted October 28, 1987, affirmed August 24, reconsideration denied September 23, petition for review denied October 18, 1988 (307 Or 77)

## JOHN HENRY COMPANY,
*Appellant,*

*v.*

## MacDONALD et al,
*Respondents.*

(85-C-600256; CA A42163 (Control))

## PACIFIC RIM CORPORATION,
*Appellant,*

*v.*

## MacDONALD et al,
*Respondents.*

(85-C-259295; CA A42164)
(Cases Consolidated)

759 P2d 1126

J. Rion Bourgeois, Portland, argued the cause and filed the briefs for appellants.

R. Bruce Dusterhoff, Portland, argued the cause for respondent David J. MacDonald. With him on the brief was Case, Dusterhoff & Mehlhaf, Portland.

No appearance for respondent Deborah Dipietra.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

This case involves consolidated actions brought by two creditors seeking recovery on two separate accounts.[1] Defendant MacDonald owned and operated two florist shops. Defendant Dipietra assisted in their operation. Plaintiffs allege that defendants ordered goods from them, that they were delivered and that defendants failed to pay for them. The trial court held that plaintiffs "failed to prove by a preponderance of the evidence facts entitling them to recover pursuant to the allegations in their complaints" and entered judgments for defendants. We affirm.

Plaintiffs argue that the trial court erred in failing to admit in evidence several certificates which established that plaintiffs were Michigan and Washington corporations. Plaintiffs also argue that the trial court erred in failing to take judicial notice of their corporate status. We do not decide whether the trial court's failure to admit the certificates or take judicial notice of the purported corporate status was error, because, in any event, it was not prejudicial. Evidential error is not presumed to be prejudicial. Or Const, Art VII (amended), § 3;[2] OEC 103(1).[3] Plaintiffs must show that the failure to admit the certificates affected their substantial rights. *Credit Alliance v. Amhoist Credit,* 74 Or App 257, 268, 702 P2d 1121 (1985). They did not do so.

Plaintiffs' statuses as Washington and Michigan corporations was relevant only to the issue of their capacity, as foreign corporations, to sue in Oregon.[4] In its disposition of

---

[1] The third defendant, Adkins, is no longer a party. The trial court granted his motion for summary judgment and entered judgment for him.

[2] Article VII (amended), section 3, of the Oregon Constitution, provides, in pertinent part:

"If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial * * *."

[3] OEC 103(1) provides, in pertinent part:

"Evidential error is not presumed to be prejudicial. Error may not be predicated upon a ruling which admits or excuses evidence unless a substantial right of the party is affected."

[4] Because the trial court's disposition of the case was general, we are unable to determine the precise basis for the decision that plaintiffs had failed to prove their case by a preponderance of the evidence. However, plaintiffs only assigned error to the trial court's failure to admit the documentary evidence and did not assign error to the general verdict or to the court's failure to grant a directed verdict. Therefore, we do not address whether the evidence, exclusive of plaintiffs' ability to prove that they were foreign corporations, compels a judgment in their favor.

defendants' motion to dismiss, the trial court resolved that issue in plaintiffs' favor. Defendants argued that plaintiffs' complaint should be dismissed, because they did not have capacity to sue because they were foreign corporations and had not pled compliance with *former* ORS 57.745.[5] The trial court took the motion under advisement and, after hearing the merits of the case, denied the motion and proceeded to decide the case on its merits. In doing so, the trial court necessarily held that plaintiffs, as foreign corporations, had the capacity to sue. The corporate status of plaintiffs was not otherwise relevant to plaintiffs' cause of action and, therefore, even if the court erred in failing to admit the certificates during plaintiffs' case-in-chief, the error did not prejudice plaintiffs.

■    Plaintiffs' second assignment is that the trial court erred in allowing defendants at trial to move orally to dismiss on the basis that plaintiffs lacked capacity to sue. Plaintiffs contend that, because the issue was neither raised by a motion pursuant to ORCP 21 nor alleged in a responsive pleading, defendants should not have been allowed to make the motion. We need not address this assignment, however, because the trial court ruled against defendants on the motion. Accordingly, any error in allowing the motion to be heard was harmless.

Affirmed.

---

[5] *Former* ORS 57.745, *repealed by* Or Laws 1987, ch 52, § 181, provided that, in order for a foreign corporation transacting business in Oregon to maintain an action in Oregon, the corporation must have obtained a certificate of authority. Plaintiffs argued that ORS 57.745 was not applicable, because they were not transacting business in the state. *See also former* ORS 57.655(2).