Argued and submitted December 20, 1989, reversed and remanded for a new trial
March 7, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## CHRIS EDWARD DILLARD,
*Appellant.*

(C 880248 CR; CA A51041)

787 P2d 1307

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Acting Public Defender, Salem.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a conviction for robbery in the second degree. ORS 164.405. He first assigns as error the trial court's suppression of a photograph because of an alleged discovery violation. We reverse.

On the first day of defendant's trial, the victim testified that the robber's only facial hair had been a mustache. On the morning of the second day of trial, defense counsel notified the state and the court that he wanted to introduce a photograph into evidence that purported to show that defendant had worn a beard at about the time of the robbery. The defense had not been aware of the existence of the photograph until that morning, when a witness gave it to defense counsel. The prosecutor objected to the introduction ·of the photograph, arguing that the defense had committed a discovery violation. The court sustained the state's objection, finding that the defense "could have or should have * * * discovered [the photograph] earlier * * *,"[1] and denied defense counsel's request for a continuance.[2] Defendant argues that there was no discovery violation.

ORS 135.835 provides, in relevant part:

"Except as otherwise provided in ORS 135.855 and 135.873, the defendant shall disclose to the district attorney the following material and information within the possession or control of the defendant:

"* * * * *

"(3)   Any books, papers, documents, photographs or tangible objects which the defendant intends to offer in evidence at the trial."

ORS 135.845 provides, in relevant part:

"(2)   If, after complying with the provisions of ORS 135.805 to 135.873, a party *finds,* either before or during trial, additional material or information which is subject to or covered by these provisions, the party must promptly notify the

---

[1] The court stated:

"The court is of the opinion that this photograph could have or should have been discovered earlier on and, particularly, the defense that he ignored to drop that on the prosecution at the eleventh hour is inappropriate. It could have been avoided."

[2] *But see State v. Gill,* 96 Or App 358, 772 P2d 956 (1989).

other party of the additional material or information." (Emphasis supplied.)

In the absence of a showing that a party intended to avoid compliance with ORS 135.845(2), there is no violation until the party "finds" the material and does not "promptly notify the other party of [it]." The defense advised the state of the existence of the photograph soon after it became aware of it. There was no discovery violation and the court erred in concluding to the contrary.[3] *See State v. Burdge,* 295 Or 1, 7-8, 664 P2d 1076 (1983); *State v. Wolfe,* 273 Or 518, 522-23, 542 P2d 482 (1975); *State v. Young,* 94 Or App 683, 688-89, 767 P2d 90 (1989); *State v. Schmid,* 80 Or App 545, 549, 723 P2d 334 (1986).

■ The state argues that any error was harmless, because the photograph would have been cumulative of testimony of defendant's witnesses. We disagree. Error is harmless only if it is unlikely that it affected the verdict. OEC 103(1); *State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987). The photograph would have buttressed the testimony that defendant had worn a beard at the time of the robbery. Because we cannot, on this record, say that the verdict would likely have been the same without the error, we must remand for a new trial.

Regarding defendant's second assignment of error, we hold that the trial court did not err in refusing to give defendant's requested jury instruction regarding eyewitness identification.

Reversed and remanded for a new trial.

---

[3] Because our resolution of this issue is dispositive, we do not discuss defendant's other arguments in support of his first assignment of error.