Argued and submitted April 10, reversed and remanded June 21, 1995

Michelle FUGATE
and Todd Fugate, wife and husband,
*Respondents,*

*v.*

SAFEWAY STORES, INC.,
a Delaware corporation,
*Appellant.*

(93CV1147CC; CA A83998)

897 P2d 328

Joel S. DeVore argued the cause for appellant. With him on the briefs was Luvaas, Cobb, Richards & Fraser, P.C.

John F. Kilcullen argued the cause for respondents. With him on the brief were Larry A. Brown and Brown, Roseta, Long & McConville.

Before Riggs, Presiding Judge, and Edmonds and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff[1] brought this action for damages for personal injuries suffered in an automobile accident, alleging that defendant's sale of beer to Tromblee, a minor, was a substantial factor in causing the accident. Defendant appeals from a judgment for plaintiff, assigning error both to the denial of its motion for a directed verdict and to the exclusion of evidence proffered by defendant regarding subsequent injuries to plaintiff. We reverse.

Tromblee, then 19 years old, purchased 12 cans of beer at defendant's store shortly after 7:00 p.m. on April 8, 1991. After consuming that beer with his friend, he purchased six cans of beer at a nearby Fred Meyer store. The two drank that beer while waiting for another friend. Shortly after 10:00 p.m., Tromblee stopped his car at a stop sign and then, failing to notice plaintiff's approaching automobile, drove into the highway intersection where plaintiff's car collided with the passenger side of his car. Tromblee and his sleeping passenger were not injured. Police found 18 empty beer cans in Tromblee's car, and his blood alcohol level registered 0.15 percent on an Intoxilyzer test.

Plaintiff, who complained of head, neck and back pain, was taken by paramedics to a hospital where x-rays were obtained. She was given a neck collar and released. Plaintiff continued to be troubled by neck and back pain and suffered severe headaches. She took pain medication, had several physical therapy sessions and remained under the care of her physician, Dr. Baker, until August 9, 1991. During February and March 1992, she visited Dr. Feld, a chiropractor, 15 times. At trial, she testified that she was "basically back to normal," but occasionally had some problems with her neck or suffered from headaches. The jury found that defendant was negligent in selling alcoholic beverages to a minor and awarded plaintiff $4,352 in property damage, $3,398 in economic damages for medical expenses, $1,200 in noneconomic damages, and $20,000 in punitive damages.

---

[1] "Plaintiff," as used in this opinion, refers to Michelle Fugate. Her husband, Todd, is a nominal plaintiff by virtue of his joint ownership of the damaged automobile.

Defendant assigns error to the trial court's denial of its motion for a directed verdict, contending that there was insufficient evidence for the jury to reasonably make the causal link between defendant's sale of beer and Tromblee's intoxication. Defendant argues that Tromblee's testimony that he and his friend "drank that entire twelve pack" before buying and consuming the six pack from Fred Meyer does not tell the jury how much of defendant's beer Tromblee himself consumed. His intoxication, it asserts, may have resulted from the beer he purchased from Fred Meyer.

■■ In reviewing the denial of defendant's motion for a directed verdict, we review the evidence, including the inferences that can be drawn from it, in the light most favorable to plaintiff, and will not reverse the denial unless there is no evidence to support plaintiff's claim. Or Const, Art VII (Amend), § 3; *Sivers v. R & F Capital Corp.*, 123 Or App 35, 37, 858 P2d 895 (1993), *rev den* 318 Or 351 (1994). Although plaintiff has the burden of proving that defendant's negligent sale of beer to Tromblee was a substantial factor in causing her injuries, she need not show that it was the only cause, or that the sale by Fred Meyer could not by itself have caused the same injury. *See O'Rorke v. John Day Lodge #1824*, 270 Or 533, 538, 528 P2d 1030 (1974).

■■ A jury cannot be allowed to engage in mere conjecture, but it must be able to "apply the ordinary experience of mankind" to the facts and to draw reasonable inferences. *Law v. Kemp*, 276 Or 581, 585-86, 556 P2d 109 (1976). The undisputed evidence at trial was that Tromblee purchased 12 cans of beer from defendant and six cans of beer from Fred Meyer, and that during the course of that evening Tromblee and his friend consumed the contents of all 18 cans. Although questions by counsel at trial did not elicit from Tromblee precisely how many of each vendor's cans of beer he consumed, the evidence was sufficient for the jury to infer that Tromblee consumed his share of the beer purchased from defendant. There was thus evidence from which a reasonable jury could conclude that the sale of beer by defendant was a substantial factor in causing plaintiff's injury because it contributed to Tromblee's intoxication. The trial court did not err in denying defendant's motion for a directed verdict.

Defendant also assigns error to the trial court's exclusion of evidence of subsequent injuries to plaintiff. According to the trial court, that evidence was irrelevant to the issue of the seriousness of her neck injury resulting from the collision. Two items of evidence were proffered by defendant. The first was an offer of proof that Officer Cram would testify that on February 23, 1992, he investigated a report of a domestic disturbance between plaintiff and her husband. He would have described plaintiff's complaints of rib injuries, breathing difficulty, a bruised and swollen cheek and bleeding ear, allegedly resulting from her husband "throwing her to the ground several times," pulling a pierced earring out of her ear and hitting her in the face. The second offer of proof was a Petition for a Restraining Order to Prevent Abuse, in which plaintiff complained that her husband had injured her on October 12, 1991, when "[h]e slammed [her] against the wall."

Defendant argues that both pieces of evidence are relevant to show that plaintiff's neck injury from the April 1991 automobile accident was not very serious, because the subsequent incidents of domestic violence, just six and ten months after the accident, did not aggravate that injury. Defendant also suggests that the excluded evidence tends to contradict plaintiff's testimony that painful flareups of the neck injury caused by the automobile accident sometimes occur from "[j]ust doing housework, laundry," thereby casting doubt on the validity of her plea for noneconomic damages for "severe pain and suffering in the future."

Plaintiff argues that both items of evidence are irrelevant and that, even if they are relevant, they are inadmissible because their probative value is outweighed by the prejudicial effect of identifying plaintiff as an abused spouse. The trial court observed:

> "[I]f [the proffered evidence] were relevant I think whatever relevance would be outweighed by its tendency toward prejudice. I don't know. I guess I don't know that I really think it's prejudicial to [plaintiff], it might make the jury sorry for her but [her husband is] also a plaintiff. I just don't think it's particularly relevant to show anything other than the fact that she was assaulted by her husband."

It then ruled that neither piece of evidence was relevant to quantifying the seriousness of plaintiff's injury at the time of the accident or at the time of trial.

OEC 401 defines "relevant evidence" as

"evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis supplied.)

OEC 402 states that "all relevant evidence is admissible" unless it is excluded under some other rule of law, and that "[e]vidence which is not relevant is not admissible." OEC 403 gives the trial court discretion to exclude relevant evidence

"if its probative value is *substantially outweighed by the danger of unfair prejudice*, confusion of the issues, or misleading of the jury, or by considerations of undue delay or needless presentation of cumulative evidence." (Emphasis supplied.)

The interplay of those rules makes it clear that evidence must be excluded if it has no probative value but must be admitted if it has any tendency to help establish a fact in issue where no contrary considerations are present. *See Carter v. Moberly*, 263 Or 193, 200, 501 P2d 1276 (1972). To have probative value, evidence does not need to be persuasive on the issue, but merely be worthy of the jury's consideration because it calls to their attention a fact that raises a possibility that is not completely unreasonable. *Byrd v. Lord Brothers*, 256 Or 421, 425-26, 473 P2d 1018 (1970). When probative value must be balanced against the danger of prejudice and other contrary considerations, the trial court exercises discretion suitable to the specific circumstances of each case. *Carter*, 263 Or at 200. Although we will reverse those discretionary rulings only for an abuse of discretion, questions of admissibility based purely on such considerations as relevance are questions of law calling for application of rules to the particular set of facts. *Id.* at 199.

The evidence that defendant proffered was that plaintiff was a victim of domestic violence 6 months and 10 months after the collision with Tromblee's car, yet she made no complaint that either incident aggravated her earlier neck

injury. Defendant offered that evidence to show that plaintiff's injury was not as serious or as long term as she had alleged, an inference bearing directly on the jury's determination of noneconomic damages. Had defendant proffered similar evidence that plaintiff had been battered just days after the automobile accident, its relevance to the determination of the extent of her neck injury would have been clearly evident. Although the fact that the battery occurred months later may lessen its probative value, we cannot say that it has no relevance. *See Byrd*, 256 Or at 421. Similarly, the testimony of Cram is relevant to the jury's calculation of economic damages, because plaintiff received chiropractic treatment so soon after the report of domestic violence. Evidence of plaintiff's physical condition at any time after the accident is admissible to show the extent and probable effect of the injury. *Ardueser v. Rahier*, 261 Or 521, 525, 495 P2d 724 (1972); *see also Davis v. Dean*, 221 Or 110, 114, 350 P2d 910 (1960); *Doran v. Culver*, 88 Or App 452, 455, 745 P2d 817 (1987), *rev den* 305 Or 102 (1988). Plaintiff's attempt to distinguish those cases because they involved cross-examination evidence or medical records respectively is unpersuasive. The trial court erred in excluding evidence of plaintiff's post-accident injuries on the ground that it was not relevant. Neither are we persuaded that the proffered evidence would have been unduly prejudicial, particularly in the light of defendant's willingness to present the evidence in a way that would "take the prejudical aspect about this out."

Plaintiff argues that even if the disputed evidence is admissible, exclusion by the trial court was harmless error. She contends that the award of $3,928 for medical expenses was supported by documentary evidence and that the award of only $1,200 in noneconomic damages showed that "the jury believed that plaintiff's injuries were not particularly significant," and would not have been affected by the additional evidence.

Errors in excluding evidence are not presumed to be prejudicial. Or Const, Art VII (Amend), § 3; OEC 103(1). Defendant must show that the trial court's error affected its substantial rights. *John Henry Company v. MacDonald*, 92 Or App 659, 661, 759 P2d 1126, *rev den* 307 Or 77 (1988). "Error is harmless only if it is unlikely that it affected the

verdict." *State v. Dillard,* 100 Or App 645, 648, 787 P2d 1307 (1990).

Defendant argues that the excluded evidence "could have shown a lessened measure of damages" or could have allowed the jury to attribute some of plaintiff's problems to causes other than defendant's acts. It contends that exclusion of the evidence affected a substantial right by preventing it from fully developing its theory of the case. *See Doran,* 88 Or App at 455. We agree with defendant.

█ If Cram's testimony had been admitted, the jury could have reduced the award for economic damages by $756, the charges incurred by plaintiff for chiropractic treatments by Feld. Similarly, we cannot tell from the verdict whether, in awarding noneconomic damages, the jury took into account plaintiff's pain and suffering for only a short time period or for a longer duration, perhaps even into the future.

Finally, plaintiff maintains that the proffered evidence would not have added anything more for the jury's consideration, because she had already testified, before defendant attempted to introduce its evidence, that she had not been involved in any incidents that aggravated the neck injury suffered in the collision. That argument misses the point. Plaintiff testified only that she had not "been involved in any incidents in which [her] neck was made even a little bit worse," and did not mention whether she had been involved in any incidents in which she suffered other serious injuries. When defendant later offered its evidence, one intended inference was that her neck injury had not been aggravated *even though* she had been involved in violent incidents. Additionally, the jury could have inferred that her need for chiropractic treatment was prompted by the February 1992 domestic disturbance, thereby impeaching her testimony. We cannot say that it is unlikely that the jury would have calculated damages differently had the proffered evidence been admitted. The trial court erred in excluding evidence of plaintiff's subsequent injuries, and that error was not harmless.

Reversed and remanded.