Submitted on remand from the Oregon Supreme Court April 5, affirmed
July 5, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## ANTHONY WAYNE MCGINNIS,
*Appellant.*

### 93CR0202; A90256

28 P3d 635

David E. Groom, Public Defender, and Peter Gartlan, Deputy Public Defender, for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Janet Klapstein, Assistant Attorney General, for respondent.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals his conviction for delivery of a controlled substance, ORS 475.992, and assigns error to the admission of evidence obtained from the use of a body wire employed without a prior court order. We affirmed, *State v. McGinnis*, 151 Or App 137, 953 P2d 432 (1997), and the Supreme Court remanded for reconsideration in light of *State v. Fleetwood*, 331 Or 511, 16 P3d 503 (2000). 331 Or 698, 21 P3d 1087 (2001).

On remand, we conclude that the admission of the unlawfully obtained evidence was harmless error. In particular, at trial, defendant testified and acknowledged that he had, in fact, participated in the transaction recorded by the body wire. Given defendant's admissions, which established "delivery for consideration,"[1] the body wire-related evidence was merely cumulative. Accordingly, we affirm. *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987).

Affirmed.

---

[1] In closing argument at trial, defense counsel acknowledged that the state had established "delivery." The trial court gave UCrJI 2600(3), defining "consideration" as "money, property, or something of value to the receiver given or promised to be given in return." Defendant did not except to that instruction.