Argued and submitted January 27, 2003, reversed and remanded April 14, 2004

## STATE OF OREGON,
*Appellant,*

*v.*

## HOLLY LYNN ERVIN,
*Respondent.*

## F07612; A116449

88 P3d 296

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Wes Williams argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant was indicted in Union County on charges of conspiracy to commit aggravated murder, attempted aggravated murder, attempted first-degree assault, attempting to elude police in a vehicle, attempting to elude police after fleeing a vehicle, hindering prosecution, recklessly endangering another person, reckless driving, and first- and third-degree theft by receiving. At the state's request, the trial court held an omnibus hearing under ORS 135.037 to determine the admissibility of certain evidence. As a result of the hearing, the court held that three categories of evidence would be inadmissible at trial: (1) statements by defendant's boyfriend, Fritts, that he wanted to kill police officers; (2) evidence that defendant and Fritts sought to avoid scrutiny while living in Oklahoma; and (3) threats by Fritts to kill two people. The state appeals under ORS 138.060. We reverse and remand.

Defendant and Fritts lived together in Oklahoma before coming to Oregon. During their time in Oklahoma, they generally drove only on secluded roads and, when at home, remained inside with the curtains drawn. Fritts also said a number of times in defendant's presence that he wanted to kill police officers. Before leaving Oklahoma, defendant and Fritts burglarized a home and took several guns.

Defendant and Fritts arrived in Oregon on June 4, 2001, and were involved the next day in an incident with two people, Vorhauer and Haworth. While driving a car in which Fritts was a passenger, defendant drove toward a car traveling in the opposite direction that Vorhauer was driving and in which Haworth was a passenger. Vorhauer thought that defendant was impinging on his side of the road, and he yelled out his window at defendant as the two cars passed. Vorhauer then stopped his car and got out because he thought that something had struck the car. Defendant and Fritts also stopped. Fritts got out of defendant's car carrying a handgun in each hand and walked toward Vorhauer while pointing the guns at him. Vorhauer backed away from Fritts,

got into his car, and drove to a store. Defendant and Fritts followed Vorhauer and Haworth to the store, where Fritts got out of defendant's car and threatened to kill Vorhauer and Haworth if either of them reported the earlier incident to the police. As it turned out, Vorhauer had already called the police on his cellular phone on the way to the store. By the time that an officer arrived, Fritts had returned to defendant's car. Defendant drove off, and the officer gave chase. As defendant drove, Fritts fired several shots at the officer before defendant lost control of her car and crashed. Defendant and Fritts were captured after they fled on foot.

■ The state argues that the trial court erred in suppressing on relevance grounds statements by Fritts to defendant that he wanted to kill police officers. The state argued at the omnibus hearing that the statements were relevant to defendant's state of mind and motive when she and Fritts attempted to elude the police. Defendant argued that there was no nexus between Fritts's statements and any relevant state of defendant's mind. The trial court apparently agreed with defendant and concluded that Fritts's statements were not relevant to the charges against defendant.

■■ "OEC 401 establishes a 'very low threshold' for the admission of evidence; evidence is relevant so long as it increases or decreases, even slightly, the probability of the existence of a fact that is of consequence to the determination of the action." *State v. Barone,* 329 Or 210, 238, 986 P2d 5 (1999), *cert den,* 528 US 1086 (2000). We review a trial court's determination of relevance under OEC 401 for errors of law. *State v. Titus,* 328 Or 475, 481, 982 P2d 1133 (1999). Fritts's statements were offered to show defendant's implicit agreement with Fritts to attack and, if possible, kill the police officer who pursued them after they left the store parking lot. Fritts's statements are relevant to the charges against defendant and her state of mind and motive when she kept driving after Fritts began shooting at the officer. Hence, the trial court erred in excluding the statements on the ground that they were irrelevant.

■ The state's second assignment of error concerns the court's ruling that evidence that defendant and Fritts behaved secretively while in Oklahoma is inadmissible. At

the hearing, and on appeal, the state argued that the secretive behavior in Oklahoma was relevant to establishing an agreement between defendant and Fritts to do anything necessary to evade capture by the police and therefore is relevant to defendant's motive when she kept driving even after Fritts began shooting at the officer. Defendant argued that the evidence was not relevant and, even if relevant, was both unduly prejudicial and inadmissible character evidence. We agree with the state that the evidence was relevant and turn to defendant's remaining arguments against its admission.

■■    OEC 403 allows a trial court to exclude relevant evidence if it finds that the probative value of that evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." OEC 403. We review for legal error whether a trial court followed the procedure specified by "OEC 403 by balancing the cost [of admission of relevant evidence] in terms of [the] prejudice of the evidence against its benefits." *McCathern v. Toyota Motor Corp.*, 332 Or 59, 71-72, 23 P3d 320 (2001). If the court followed the procedure specified by OEC 403, we review its decision to exclude relevant evidence for abuse of discretion. *Id.* Here, the trial court did not balance the disputed evidence's probative value against the considerations that OEC 403 describes. Therefore, it did not properly apply OEC 403 to exclude evidence of Fritts and defendant's secretive behavior.

■    Next, OEC 404(3) prohibits the introduction of evidence of a person's prior bad act or acts to show the person's "disposition or propensity to commit certain crimes, wrongs or acts." *State v. Johns*, 301 Or 535, 548, 725 P2d 312 (1986). We review a trial court's ruling as to whether evidence is inadmissible under OEC 404(3) for errors of law. *Id.* at 549-50; *Fugate v. Safeway Stores,* 135 Or App 168, 173, 897 P2d 328 (1995) ("questions of admissibility based purely on such considerations as relevance are questions of law calling for application of rules to the particular set of facts"). The secretive behavior at issue here was not offered to show disposition or propensity. It was offered to show motive and for other relevant purposes that the rule does not proscribe. Thus, exclusion of evidence that defendant and Fritts behaved

secretly in Oklahoma on the ground that it was improper character evidence was also error.

■ The state's third assignment of error concerns the trial court's ruling that the threats that Fritts made to Vorhauer and Haworth were hearsay and not within OEC 801(4)(b)(E). The state contends that Fritts's threats to Vorhauer and Haworth are statements made during the course of Fritts and defendant's conspiracy to elude the police. The trial court excluded the statements on the ground that they were inadmissible hearsay because the agreement constituting the crime of conspiracy did not occur in Oregon, but in Oklahoma.

OEC 801(4) provides that "[a] statement is not hearsay if * * * (b) the statement is offered against a party and is: * * * (E) A statement by a coconspirator of a party during the course and in furtherance of the conspiracy." The party seeking to offer OEC 801(4)(b)(E) evidence must show, "as foundational requirements: (1) that there was a conspiracy in which both the accused and the declarant were members; (2) that the declarant made his or her statement 'during the course' of the conspiracy; and (3) that the statement was made 'in furtherance of the conspiracy.' " *State v. Cornell,* 314 Or 673, 677, 842 P2d 394 (1992). Significantly, OEC 801(4)(b)(E) does not require that the defendant be charged with the offense of conspiracy. *Id.* at 678.

Although it is true that a trial court has jurisdiction over the *charge* of conspiracy only if the agreement constituting the crime was made within the trial court's jurisdiction, ORS 131.315(9); *State v. Wrisley,* 138 Or App 344, 351, 909 P2d 877 (1995), *rev den,* 327 Or 521 (1998), that principle is irrelevant in situations where the state seeks to use OEC 801(4)(b)(E) to introduce evidence against the defendant that is relevant to other charges. The trial court's ruling that Fritts's statements were inadmissible hearsay was therefore error.

Reversed and remanded.