Argued and submitted May 26, 2004, affirmed February 2, petition for review denied June 21, 2005 (338 Or 680)

STATE OF OREGON,
*Respondent,*

*v.*

RODNEY SCOTT ORR,
*Appellant.*

01C41186, 00C45374; A114000 (Control), A114836
(Cases Consolidated)

105 P3d 904

Susan F. Drake, Deputy Public Defender, argued the cause for appellant. On the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services. Rodney Scott Orr filed the supplemental brief *pro se.*

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

ARMSTRONG, J.

Defendant appeals from convictions for attempted murder, unlawful use of a weapon, four counts of assault, attempted assault, kidnapping, and coercion. The conduct that gave rise to the convictions was directed by defendant against his wife. Defendant assigns error to the trial court's decision under OEC 404(3) to admit certain evidence and to its decision to consolidate the charges against him. We reject the second assignment of error without discussion. We review the trial court's ruling under OEC 404(3) to admit the disputed evidence for legal error. *State v. Ervin*, 193 Or App 41, 45, 88 P3d 296 (2004). We affirm.

Defendant raised as a defense a claim that he was too intoxicated to have formed the intent to commit the charged offenses. ORS 161.125. [1] He gave the state notice of that defense before trial. The state thereafter filed a motion *in limine* seeking a pretrial ruling on the admission of evidence that it intended to offer if defendant presented evidence to support his intoxication defense. Specifically, the state sought to introduce under OEC 404(3) evidence that (1) defendant was convicted in 1994 of contributing to the sexual delinquency of a minor; and (2) when questioned about that offense, defendant first denied that he had engaged in the act, next said that he was too intoxicated to remember having committed the act, then admitted to remembering the act, described it in detail, and characterized it as consensual. The state argued that the evidence was relevant to show that defendant intended to commit the acts at issue because it showed that defendant "blames alcohol when he has acted in an illegal manner while under its influence, despite his ability to control his actions." The court did not rule on the motion *in limine* before the trial began.

In its case-in-chief, the state presented testimony by defendant's wife that defendant had slapped her with a wet washcloth, beaten her with a motorcycle boot, beaten her with a metal chain designed for stringing fish, coerced her

---

[1] ORS 161.125 provides, in part, that "in any prosecution for an offense, evidence that the defendant * * * was intoxicated may be offered by the defendant whenever it is relevant to negative an element of the offense charged."

into taking off her clothes, and kidnapped her. Wife also testified that defendant had, on other occasions, beaten her toes with a rubber mallet, choked her until she lost consciousness and then resuscitated her, forced her to answer questions at gunpoint, and shot her with a shotgun at close range. On cross-examination, defendant's attorney asked wife if defendant had ever been convicted of contributing to the sexual delinquency of a minor. Wife answered that he had.

At a later point in the state's case, the court held a hearing on the state's motion *in limine*. At the hearing, the state renewed the arguments that it had made in its motion. Defendant argued that the evidence was inadmissible because it was not relevant and because, even if it were relevant, it was prior crime evidence that did not satisfy the test in *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), for the admission of such evidence under OEC 404(3). He contended that the evidence did not meet the *Johns* test because (1) the victim in the prior act was not the same victim or in the same class of victims as the victim here; (2) the type of prior act was not the same or similar to the acts involved in the charged offenses; (3) the physical elements of the prior act and the present acts were not similar; (4) six years had passed between the prior crime and the charged offenses and (5) "[t]here's no evidence * * * to suggest that the level of alcohol impairment [during the prior offense was] anywhere close to what we have in this case."

The trial court concluded that the evidence was relevant to defendant's intent to commit the charged offenses and granted the state's motion. It did not apply the *Johns* analysis to the evidence.

In his case-in-chief, defendant introduced evidence about the 1994 crime and the police investigation of it. In doing so, he sought to explain why he had first told police officers that he was too intoxicated to remember the incident and then later described details of it to them. He testified that, when questioned by a police officer, he really could not remember the event and said that he did remember it only because an officer told him that if he denied the incident he could be charged with a felony rather than a misdemeanor. When asked about the details of the crime, he responded that

"I told [the police] what I was told and informed that I had done the night before, from what I've heard. * * * And as far as the sexual part of it, I just remember very little of anything. And I just assumed the standard procedure was the way I used to be intimate with my wife, would had have [sic] to have been the way I was intimate with this particular individual."

On cross-examination, defendant admitted that the crime involved his having sex with a 15-year-old girl. Defendant also offered an expert witness who testified about the effects of alcohol on a person's capacity to form intent.

In rebuttal, the state presented testimony from the officer who had questioned defendant about the 1994 offense. In his testimony, the officer added a few details about defendant's sexual conduct with the minor beyond those confirmed in defendant's testimony:

"Q:  So when talking with him about the incident, in general, did he indicate to you any detail about what happened or did he just say we just had sex—sexual intercourse?

"A:  No. He gave me some detail.

"Q:  Did he talk specifically about things that this girl did to him?

"A:  Yes, he did.

"Q:  And then did he talk about some specific things that he did to her?

"A:  Yes, he did.

"Q:  And did he talk about kissing her?

"A:  Yes, he did.

"Q:  Did he talk about kissing her in different places?

"A:  Yes, he did.

"Q:  And did he name all those places to you?

"A:  Yes, he did.

"Q:  On the girl?

"A:  On the girl, yes.

"Q: And did he talk about how long the sexual episode took place?

"A: Yes, he did.

"Q: And did that have anything to do with him drinking?

"A: Yes, I believe that would be one of the reasons why he stopped."

■ On appeal, defendant renews his argument that the evidence of the 1994 crime and his reaction to police questioning was not admissible under OEC 404(3) because it did not satisfy the third, fourth, and fifth *Johns* criteria and was not otherwise relevant. The state responds that the evidence was properly admitted under OEC 404(3). The state also argues that, even if the evidence was not properly admitted, we should nonetheless affirm defendant's convictions because defendant opened the door to the admission of the evidence, because defendant placed his character in issue and the state was entitled to rebut defendant's character evidence with evidence of specific conduct, and because any error was harmless.

We need not decide whether the trial court erred in admitting the disputed evidence because the error, if any, was harmless. Defendant's testimony is properly considered as part of our harmless error analysis. *See State v. McGinnis*, 335 Or 243, 254, 64 P3d 1123 (2003) ("Fully aware of the advantages and disadvantages of testifying, [the] defendant chose to take the stand and to meet the state's evidence. Under such circumstances, there is no reason to exclude defendant's testimony from a review of the record for harmless error."). Defendant testified about the 1994 crime and his response to police questioning about it. The state did not introduce any evidence that went beyond defendant's testimony except for evidence that added some details about defendant's conduct. Because all of the state's evidence except for the additional details about defendant's prior conduct is merely cumulative in light of defendant's testimony, we consider only whether the admission of evidence about the additional details of defendant's 1994 conduct was harmless. *See State v. McGinnis*, 175 Or App 276, 277, 28 P3d 635 (2001), *aff'd*, 335 Or 243, 64 P3d 1123 (2003).

■       Error is harmless if there is little likelihood that it affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). We conclude that there is little likelihood that the jury's verdict was affected by the few additional details about defendant's conduct that the officer's testimony added to the record. We therefore conclude that the admission of that evidence, if error, was harmless error.

Affirmed.