DANIEL S. PEARSON, Judge.
Viewing the evidence and all reasonable inferences therefrom most favorably to the plaintiffs, we conclude that a jury question was presented as to whether the defendant Lerner, having stopped his employer’s truck at a stop sign, thereafter negligently entered into the traffic lane of the through street upon which the plaintiffs’ automobile was proceeding[1] and caused, at least to some degree, the collision between the parties’ vehicles. Therefore, we reverse the directed verdict for the defendants[2] and remand the cause for a new trial.
Reversed and remanded.

. Without exhaustively detailing the evidence in the case, we simply note that the evidence shows that immediately following the accident the defendant's truck was in the traffic lane of the through street. From this fact it can be fairly inferred that the truck had entered into the traffic lane before the accident since the collision would have knocked the truck in the direction whence it came.

. We have repeatedly instructed that trial judges who are inclined to grant a directed verdict at the conclusion of the case should instead reserve ruling thereon, allow the jury to return a verdict, and thereafter rule on the motion. Mabrey v. Carnival Cruise Lines, 438 So.2d 937 (Fla. 3d DCA 1983); Dysart v. Hunt, 383 So.2d 259 (Fla. 3d DCA 1980); Freeman v. Rubin, 318 So.2d 540 (Fla. 3d DCA 1975); Ditlow v. Kaplan, 181 So.2d 226 (Fla. 3d DCA 1965). Cf. Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908 (Fla.1985) (approving of reserving ruling on motion for mistrial until after jury returns verdict in order to save time and cost of new trial). Had this approved practice been followed in the present case, our reversal of the trial judge’s ruling would have resulted in a reinstatement of a jury verdict rather than a remand for a costly, time-consuming, and wholly unnecessary new trial.