PER CURIAM.
This is an appeal from the trial court’s order granting appellees’ motion for a new trial on the issue of damages. For the reasons that follow, we reverse and remand with directions to reinstate the jury verdict.
Appellee Eve Alger was hit by a falling tree limb on premises controlled by appellants. Mrs. Alger and her husband sued appellants for negligently failing to maintain the premises in a reasonably safe condition. The case proceeded to a jury trial. The jury returned a verdict finding appellants the legal cause of Mrs. Alger’s injury and also finding Mrs. Alger forty percent at fault. The jury awarded nominal damages to Mrs. Alger. The jury did not award any damages on Mr. Alger’s claim for loss of consortium. The Algers filed a motion for a new trial which was granted by the trial court. The trial court stated in paragraph three of its order that:
3. This Court grants Plaintiffs Motion for New Trial on the issue of damages only, granting to the Plaintiffs a new trial on the issue of compensatory damages in that the jury failed to apply the applicable law to the evidence to such an extent that this Court, in its discretion, grants a new trial to the Plaintiff as the verdict of the jury on the issue of damages was contrary to the manifest wight [sic] of the evidence, and it is this Court’s opinion that the jury did not apply or take into consideration all elements of damages as charged by this Court.
An order granting a new trial is a discretionary decision which will not be reversed absent a showing of an abuse of discretion. Baptist Memorial Hosp. Inc. v. Bell, 384 So.2d 145 (Fla.1980); Weems v. Dawson, 352 So.2d 1196 (Fla. 4th DCA 1977), cert. denied, 359 So.2d 1221 (Fla.1978). Moreover, a stronger showing of abuse of discretion is required to overturn an order granting a new trial than is required to overturn an order denying a new trial. Castle-wood Int’l Corp. v. La Fleur, 322 So.2d 520 (Fla.1975); Davis v. O’Dell, 506 So.2d 1107 (Fla. 4th DCA 1987); Niebla v. Flying Tigers Line, Inc., 533 So.2d 816 (Fla. 3d DCA 1988). The supreme court has also held that when the order under consideration is deficient as failing to include the record references in support of the trial court’s finding, the appellate court can independently review the record in support of that conclusion. Wackenhut Corp. v. Canty, 359 So.2d 430, 435 (Fla.1978).
The trial court’s order did not contain reference to the record in support of the new trial and after an independent review of the record, we find none. As to past medical expenses, the jury was entitled to reject the various evidence of past medical expenses including the chiropractor’s undocumented testimony that there was three thousand dollars ($3,000.00) in past medical expenses. See Allstate Ins. Co. v. Thomas, 637 So.2d 1008 (Fla. 4th DCA 1994) (jury entitled to reject expert medical testimony even if it was uncontradicted or contradicted by lay testimony). As to future medical expenses, the jury exercised its discretion in not awarding these damages as any recovery would only be grounded on a mere probability that certain treatments might be obtained in the future. White v. Westlund, 624 So.2d 1148, 1150 (Fla. 4th DCA 1993), review dismissed, 640 So.2d 1109 (Fla.1994) (recovery of future medical expenses cannot be grounded on the mere possibility that certain treatment might be *1217 obtained at some point in the future). Similarly, it was within the providence of the jury to not award future damages. Finally, the jury’s zero award to Mr. Alger on his loss of consortium claim was not inconsistent, inadequate or against the manifest weight of the evidence. Tieche v. Panlener, 504 So.2d 49 (Fla. 2d DCA 1987).
By only awarding nominal damages, the jury was sending a message that the injury in this case was minor. The record does not affirmatively show the impropriety of the verdict. Wackenhut, 359 So.2d at 434. Nor was there an independent determination by the trial court that the jury was influenced by considerations outside the record. Id. We find that the trial court abused its discretion in granting a new trial on damages and reverse with directions to reinstate the jury verdict.
REVERSED AND REMANDED.
HERSEY, and GLICKSTEIN, JJ., concur.
POLEN, J., dissents with opinion.