777 So.2d 423 (2000)
Rene LOYOLA, M.D., Appellant/Cross-Appellee,
v.
Metissia RICKS, W. Edward Wengler, M.D., Treasure Coast Surgical Group, P.A., and HCA Health Services of Florida, Inc., d/b/a Columbia Medical Center of Port St. Lucie, Appellees/Cross-Appellants.
No. 4D00-221.
District Court of Appeal of Florida, Fourth District.
December 20, 2000.
Rehearing Denied March 9, 2001.
*424 William T. Viergever and Bonnie Eyler of Sonneborn, Rutter, Cooney, Klingensmith & Eyler, P.A., West Palm Beach, for Appellant/cross-appellee.
Lauri Waldman Ross of Lauri Waldman Ross, P.A., Miami, and Mark Vieth of Tilghman & Vieth, P.A., Miami, for Appellee/cross-appellant-Metissia Ricks.
PER CURIAM.
The Appellant/Cross-Appellee, Dr. Rene Loyola ("Loyola"), appeals and the Appellee/ Cross-Appellant, Metissia Ricks ("Plaintiff"), cross appeals an order granting the Plaintiff's motion for new trial. We affirm the cross-appeal, but we write to discuss two issues on appeal that require reversal.
The Plaintiff sued various doctors and the hospital after developing compartment syndrome, which resulted in nerve damage after a shunt was placed in her forearm for dialysis purposes. Before trial, the Plaintiff settled with Dr. Wengler and the hospital. They were dismissed from the suit, and the case proceeded to trial against Loyola.
During opening statements, Loyola's attorney commented to the jury as follows:
Now, as Mr. Vieth pointed out, Dr. Loyola is not the only health care provider that you will be hearing about. That is, I gather you've gleaned, from what I've said up to this point, there's going to be testimony that the nurses should have done things differently, that Dr. Wengler should have done things differently, before it ever reached the point of ... of being contracted with permanent nerve damage. It just never should have happened.
It will not be something that you need to consider as to why they aren't in this courtroom, although you might want to ask yourself that question. I assure you, though, that this Miss Ricks and her attorney aren't going to tell you why they aren't here.
(emphasis added.) In response to the underlined portion of the defense's opening statement, the Plaintiff moved for a mistrial, but asked the trial court to reserve ruling on the motion. The trial court agreed to reserve ruling, and the case proceeded for five more days at which time the jury reached a verdict in favor of Loyola. The Plaintiff moved for a new trial based, in part, on the defense's comment to the jury during opening statements *425 regarding prior settlements. The trial court granted the motion based solely on that ground.
On appeal, Loyola argues the trial court abused its discretion by reserving ruling on the motion for mistrial, because the notions of judicial economy required an immediate ruling. In addition, Loyola contends that the trial court abused its discretion in granting a new trial, because there was no mention of a settlement, prior defendants, or a prior lawsuit. We agree.
A trial court has discretion to reserve ruling on motions for a mistrial. See Ed Ricke & Sons, Inc. v. Green, 468 So.2d 908, 910 (Fla.1985). "However, this discretion must be exercised in accordance with precepts of judicial economy.... The power of a trial court judge to reserve ruling on a motion for a mistrial will not only conserve judicial resources but may also operate to prohibit a wrongdoer from profiting from his intentional misconduct." Id.
In the present case, the trial was scheduled to take five days. The trial actually took six days, in which approximately fifteen witnesses were presented. The motion for mistrial was made the very first day of trial prior to any witnesses testifying. We conclude that the interests of judicial economy were not served by a reservation of ruling based on these circumstances. As such, we hold the trial court abused its discretion by reserving ruling on the Plaintiffs motion for mistrial and subsequently granting the motion for new trial.
With regard to the order granting a new trial, a trial court has broad discretion in determining a motion for new trial. Frei v. Alger, 655 So.2d 1215, 1216 (Fla. 4th DCA 1995). However, "a stronger showing of abuse of discretion is required to overturn an order granting a new trial than is required to overturn an order denying a new trial." Id.
Section 768.041(3), Florida Statutes, provides that releases, covenants not to sue, and dismissals of defendants by order of the court "shall not be made known to the jury." § 768.041(3), Fla.Stat. (2000). In the present case, the defense counsel's comment during opening statements did not reference any of the prohibited categories. No reference was made to a prior lawsuit, prior defendants, or a settlement. In addition, the jury was unaware that Dr. Wengler and the hospital were originally in the lawsuit, and therefore, they would not have necessarily thought the comment referenced a settlement. Moreover, even if the comment was error, we would find it to be harmless. The comment was isolated and never mentioned again by the defense. See generally Melara v. Cicione, 712 So.2d 429, 431 (Fla. 3d DCA 1998); Sayad v. Alley, 508 So.2d 485, 486 (Fla. 3d DCA 1987).
Although a stronger showing of abuse of discretion is required to overturn the grant of a new trial, we conclude that such a showing has been made here. Accordingly, we reverse and remand for the trial court to reinstate the jury's verdict and enter judgment in favor of Loyola.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER, POLEN and STEVENSON, JJ., concur.