SCHWARTZ, Chief Judge.
In this medical malpractice case, the plaintiff contended that a serious neurological condition, tardive dyskinesia, from which she suffered had been caused by the defendant physician’s misprescription of a drug called Reglan. After the jury found for the physician, the trial judge granted a new trial in an order from which the de *541 fendant now appeals.[1] We reverse for the entry of judgment on the verdict.
While the order recites boiler-plate language that the “verdict was contrary to the manifest weight of the evidence,” the trial judge, in accordance with the requirement of Brown v. Estate of Stuckey, 749 So.2d 490, 497 (Fla.1999), that he “articulate the reasons for the new trial,” assigned his commission of two evidentiary errors in favor of the defendant. We conclude that, in each instance, the trial court was right the first time.
1. No error in admission of opinion in treating physician’s medical records. During the defendant’s case, he offered and the trial court admitted, the medical records of the plaintiffs treating physician, Dr. Racher, who had already testified through deposition in the plaintiffs case that “Reglan was the most likely agent to be responsible for such ... dyskinetic movements” and that he’ would be “hard pressed to implicate the prozac” which had also been prescribed. Post-verdict, the trial court apparently found that the admission of that portion of Dr. Racher’s medical records which stated that the plaintiffs condition “began after years of Reglan therapy and followed the new introduction of prozac,” and “was believed to be a consequence of Reglan and/or Prozac use” was prejudicially erroneous. The latter ruling was incorrect.
It is well established that duly authenticated medical records, such as these, are entirely admissible, notwithstanding the hearsay rule, as substantive evidence of what they contain. § 90.803, Fla.Stat. (1999); Heckford v. Florida Department of Corrections, 699 So.2d 247 (Fla. 1st DCA 1997), review denied, 707 So.2d 1124 (Fla.1998). Specifically, under section 90.808(6), Florida Statutes (1999), this includes statements, like those in question, as to issues of opinion and diagnosis. While this rule may not apply in a situation in which, for example, the person expressing the opinion was not herself shown to be qualified to do so, see C. Ehrhardt, Florida Evidence § 803.6a (2000), that exception obviously does not apply in this case in which Dr. Racher had already testified to his opinion on the identical subject matter. Thus, even if the plaintiffs contention and the trial judge’s ruling that the “prozac” opinion in the record was not proper “impeachment” of the doctor’s direct testimony under section 90.608, Florida Statutes (1999), is correct, it was properly admitted as substantive evidence in support of the defendant’s contention that Reglan had not caused the plaintiffs malady. The court’s ruling on post-trial motions to the contrary was therefore itself wrong.
2. No error in excluding rebuttal testimony. As the plaintiff herself seems to acknowledge on appeal, the trial court also acted within its appropriate discretion in excluding proffered medical records of another treating physician, Dr. Gorelick, which contained an opinion that Reglan had indeed caused the plaintiffs illness. Because the issue was obviously a matter *542 of the plaintiffs case in chief and was therefore in rebuttal of nothing, as well as because Dr. Gorelick had not been included in any pre-trial disclosure, it was plainly appropriate for the court to have excluded the proffer at trial. See Driscoll v. Morris, 114 So.2d 314 (Fla. 3d DCA 1959); Laurent v. Uniroyal, Inc., 515 So.2d 1050 (Fla. 3d DCA 1987), review denied, 525 So.2d 879 (Fla.1988); Binger v. King Pest Control, 401 So.2d 1310 (Fla.1981);.
For these reasons, the order granting a new trial is reversed. Midtown Enterprises, Inc. v. Local Contractors, Inc., — So.2d-, 2001 WL 356946 (Fla. 3d DCA Case no. 3D00-2151, opinion filed, April 11, 2001); see also Smith v. Brown, 525 So.2d 868 (Fla.1988); Department of Transportation v. Rosario, 782 So.2d 927 (Fla. 2d DCA 2001); Loyola v. Ricks, 777 So.2d 423 (Fla. 4th DCA 2000); Ford v. Robinson, 403 So.2d 1379 (Fla. 4th DCA 1981). The cause is remanded with directions to enter judgment for the defendant on the verdict.
Reversed and remanded.

. ORDER ON PLAINTIFF, AMERICA BATET’S MOTION FOR NEW TRIAL
This cause having come before this Court on August 26, 1999 upon Plaintiff's Motion for New Trial, and the Court having considered the evidence presented by the Plaintiff, having heard argument of counsel for the respective parties and being otherwise duly advised, it is hereby,
ORDERED AND ADJUDGED that Plaintiff’s Motion for New Trial be and the same is hereby granted since the Verdict was contrary to the manifest weight of the evidence. The admission of Dr. David Racher’s records was an error in that it was impeachment and Dr. James Gorelick’s records were proper rebuttal and should have been admitted.