943 So.2d 997 (2006)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
John Robert WILLIAMS, Appellee.
No. 1D06-1354.
District Court of Appeal of Florida, First District.
December 13, 2006.
*998 Stephen E. Day, and Rhonda B. Boggess of Taylor, Day, Currie, Boyd & Johnson, Jacksonville; Dwane D. Tyson, and Laura L. Starrett of William R. Swain & Associates, Jacksonville, for Appellant.
Eric S. Block of Law Offices of Eric S. Block, P.A., Jacksonville, and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellee.
WEBSTER, J.
In this action by appellee against appellant, his uninsured motorist carrier, seeking damages for injuries allegedly sustained as the result of a collision with another vehicle, appellant seeks review of an order entered after a jury verdict granting a motion for a mistrial made during the trial. Because we agree with appellant's argument that the trial court erred as a matter of law when it granted the motion for mistrial on the ground that appellant's attorney had asked a question implying that appellee had settled with a subsequent tortfeasor, we reverse and remand with directions that the trial court reinstate the jury's verdict.
Appellee was involved in two vehicle collisions separated by roughly two months. In the first, a vehicle driven by an uninsured motorist hit the rear of appellee's vehicle, after which appellee received treatment for back pain. In the second, appellee was a passenger in a vehicle that collided with another vehicle, rendering appellee unconscious, and requiring that he be taken to the hospital.
Appellee sued appellant, his uninsured motorist carrier, seeking damages for injuries allegedly sustained as the result of the first collision. Before trial, appellant admitted that the uninsured motorist had been negligent, and that appellee had not. Therefore, appellant also admitted that it was liable for any damages incurred as the result of the first accident. At trial, appellee maintained that it was not possible to apportion damages attributable to injuries allegedly sustained in the two collisions and that, therefore, appellant was responsible for all damages. Appellant agreed that appellee had not been negligent in the second collision and that, accordingly, if the damages could not be apportioned, it would be responsible for all damages found by the jury to have been incurred. However, *999 appellant maintained that damages could be apportioned.
During cross-examination of appellee's treating neurologist, appellant's attorney asked whether the doctor had received a letter from appellee's attorney notifying the doctor that appellee had "resolved the claim arising out of the [subsequent] accident." Appellee's attorney immediately objected (without stating any ground), and the trial court sustained the objection. The trial court then directed the attorneys to approach the bench. Appellee's attorney demanded a mistrial on the basis that appellant's attorney had implied that appellee's claim arising out of the subsequent collision had been settled. However, he requested that the trial court reserve ruling on the motion for a mistrial until after the trial had been concluded. Appellant's attorney responded that the doctor's records indicated that, following the letter from appellee's attorney, the doctor was asked to compromise his bills and then began attributing all charges for treatment to the first collision. He argued that he ought to be permitted to pursue such a line of questions. The trial court agreed to reserve ruling on the motion for mistrial until the trial had been concluded.
At the conclusion of all the evidence, the trial court granted appellee's motion for a directed verdict on the issues of whether appellee had been injured in the first collision and whether the injury was permanent. However, it denied appellee's motion for a directed verdict on the issue of apportionment of damages. On the latter issue, the trial court instructed the jury:
If you find that as a result of the [second] accident [appellee] suffered further injury to his low back, you should attempt to determine what portion of his damages resulted from each accident. If you can make that determination, then you should award only those damages caused by the [first] accident. However, if you cannot make that determination, then you should award all such damages that cannot be apportioned.
The jury returned a verdict awarding $8,000 for past medical expenses, $3,200 for future medical expenses, $2,400 for past non-economic damages, and $3,200 for future non-economic damages.
Appellee subsequently requested that the trial court grant the previously made motion for mistrial, and order a new trial. The trial court ultimately granted the motion for mistrial, citing as support for its decision section 768.041(3), Florida Statutes, Muhammad v. Toys "R" Us, Inc., 668 So.2d 254 (Fla. 1st DCA 1996), and Ricks v. Loyola, 822 So.2d 502 (Fla.2002). This appeal follows.
"[W]hen the judge reserves ruling on a mistrial motion until after the trial, or the motion is not made until after the discharge of the jury, then the motion must be considered a motion for new trial." Keene Bros. Trucking, Inc. v. Pennell, 614 So.2d 1083, 1085 (Fla.1993) (emphasis in original). Accordingly, we have jurisdiction. See Art. V, § 4(b)(1), Fla. Const. ("District courts of appeal . . . may review interlocutory orders . . . to the extent provided by rules adopted by the supreme court"); Fla. R.App. P. 9.130(a)(4) ("orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110"); Fla. R.App. P. 9.110(a)(4) (providing for review of "orders granting a new trial in jury and non-jury civil and criminal cases described in rules 9.130(a)(4) and 9.140(c)(1)(C)").
As a general rule, the standard of review applicable to a ruling on a motion seeking a new trial is abuse of discretion. E.g., Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla.1998). That is because *1000 motions seeking a new trial frequently address discretionary issues, such as whether the verdict was against the manifest weight of the evidence. Philip J. Padovano, Florida Appellate Practice § 9.5, at 171 (2006 ed.). However, when a motion for new trial addresses only issues of law, the standard of review is essentially de novo. Id. at 171 & n. 18. See generally Krolick v. Monroe ex rel. Monroe, 909 So.2d 910, 914 (Fla. 2d DCA 2005); Heckford v. Fla. Dep't of Corr., 699 So.2d 247, 250 (Fla. 1st DCA 1997). Here, it is apparent from the trial court's order that the decision to grant the motion for a mistrial was based exclusively on the trial court's interpretation of section 768.041(3), Florida Statutes (2005). This is because the only legal authority cited in support of the decision consisted of that statute, and two casesMuhammad v. Toys "R" Us, Inc., 668 So.2d 254 (Fla. 1st DCA 1996), and Ricks v. Loyola, 822 So.2d 502 (Fla. 2002)and both of those cases relied for the decision reached on section 768.041(3). Muhammad, 668 So.2d at 256; Ricks, 822 So.2d at 507-08. Because interpretation of a statute is a pure question of law, we review the trial court's interpretation de novo. See, e.g., Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998).
Section 768.041 reads:
(1) A release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.
(2) At trial, if any defendant shows the court that the plaintiff, or any person lawfully on her or his behalf, has delivered a release or covenant not to sue to any person, firm, or corporation in partial satisfaction of the damages sued for, the court shall set off this amount from the amount of any judgment to which the plaintiff would be otherwise entitled at the time of rendering judgment and enter judgment accordingly.
(3) The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.
By its relatively clear language, it is apparent that the legislature intended section 768.041 to apply only to cases involving joint tortfeasors. Subsection (1) states that "[a] release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death." (Emphasis added.) Subsection (3), which was the basis for the trial court's ruling, states in pertinent part that "[t]he fact of such a release or covenant not to sue . . . shall not be made known to the jury." (Emphasis added.) Read in context (as it must be), it is apparent that the releases or covenants not to sue which section 768.041(3) proscribes from being made known to a jury are those referred to in subsection (1)i.e., those reached with "any other tortfeasor who may be liable for the same tort or death." In other words, section 768.041(3) only proscribes informing a jury about settlements involving joint tortfeasors. Here, the negligent party in the second collision is not a joint tortfeasor with the negligent party in the first collision; he is, instead, a subsequent tortfeasor. The statute does not purport to apply to settlements involving subsequent tortfeasors. We can think of no reason why we should rewrite the statute for appellee's benefit. If that is to be done, it must be done by the legislature, not us. We note that the only other Florida *1001 decision we have been able to discover which addresses this issue reaches the same result, albeit in a somewhat different factual setting. See Broz v. Rodriguez, 891 So.2d 1205, 1207 (Fla. 4th DCA) (reasoning that, had the legislature intended the statute to apply to settlements involving subsequent tortfeasors as well as joint tortfeasors, it would have referred in subsection (1) to "same injury" or "same damages" rather than "same tort"), review denied, 907 So.2d 1170 (Fla.2005).
We conclude that section 768.041(3) has no bearing on the situation that occasioned appellee's motion for a mistrial. Thus, cases such as Muhammad and Ricks have no bearing on the outcome here, and, accordingly, the trial court erred when it reached the contrary conclusion; granted the motion for a mistrial; set aside the jury's verdict; and ordered a new trial.
The conclusion we reach is not at odds with the general policy, relied on in cases like Muhammad and Ricks, that evidence of a settlement by one joint tortfeasor is inadmissible in a trial against other joint tortfeasors. That policy is based on the proposition that "[t]he harm done by mentioning settlements is that the jury may believe that `where there has been a payment there must have been liability.'" Vucinich v. Ross, 893 So.2d 690, 694 (Fla. 5th DCA 2005) (quoting from City of Coral Gables v. Jordan, 186 So.2d 60, 63 (Fla. 3d DCA 1966)). No such consideration was present here because liability had been admitted, and the sole issue was apportionment of damages between the two accidents. Given the factual setting, the settlement between appellee and the party responsible for the second collision was relevant because it was intended to explain why doctor bills which before the settlement had indicated they were attributable to the second accident began indicating after the settlement that treatment was attributable to the first accident. Other jurisdictions which have considered this issue have reached a similar result. See Page v. Guidry, 506 So.2d 854, 857 (La.Ct. App.1987) (holding that evidence of settlement agreements arising out of prior and subsequent automobile accidents was admissible where the insurer admitted liability and the evidence aided the jury's apportionment of damages caused by the various accidents and the jury's determination of plaintiff's credibility); Olson v. Hayes, 37 Or.App. 583, 588 P.2d 68, 71-72 (1978) (holding that evidence of settlement in a subsequent automobile accident was admissible to determine what portion of the plaintiff's injuries was attributable to the second accident).
In summary, we reverse the trial court's order granting appellee's motion for a mistrial, and remand with directions that the trial court reinstate the jury's verdict.
REVERSED and REMANDED, with directions.
BENTON and VAN NORTWICK, JJ., concur.