EMAS, J.
Kazandra Bern (“Bern” or “Plaintiff’) appeals the trial court’s order denying a motion for new trial. The issue is whether the trial court erred in permitting the Defendants to introduce evidence and argue to the jury that one of the trial witnesses had been sued and was originally named as a defendant in the case, in violation of section 768.041(3), Florida Statutes (2012). For the reasons that follow, we reverse and remand for a new trial.
This case involves a three-car collision at the intersection of Northeast 135th Street and Biscayne Boulevard in Miami. The three drivers were Bern, Keilin Perez (“Perez”) and Dafne Acevedo (“Acevedo”). Bern, who was injured, sued Acevedo, Marcelle Camejo (the owner of the vehicle driven by Acevedo), Perez and Daniel Martinez (the owner of the vehicle driven by Perez). Prior to trial, Bern settled her claims against Perez and Martinez, and dismissed them from the suit. Bern then proceeded to trial against Acevedo and Camejo (“Defendants”).
*233 Before trial, Bern filed a motion in li-mine, seeking to exclude any evidence or argument that Perez had previously been sued by Bern or named as á defendant in the action, or any evidence that the claims against Perez had been settled or dismissed. In response, Defendants argued they should be allowed to present evidence that Perez was a prior defendant in the case because her status as a defendant at the time she gave her deposition was relevant in weighing the credibility of her deposition testimony.[1] Although Defendants intended to argue at trial that it was Perez’s negligence which caused the accident, Defendants also sought to establish that it was the Plaintiff, Bern, who: first alleged Perez caused the accident; sued Perez for such negligence; included Perez’s alleged negligence in the complaint naming Perez as a defendant; and included Perez’s negligence in Bern’s sworn answers to interrogatories.[2]
The trial court granted in part, and denied in part, the motion in limine. The trial court denied the motion in limine insofar as it sought to prohibit evidence or argument that Perez had been sued by Bern and were former defendants in the case, agreeing with Defendants that Perez’s status as a former defendant in the case was relevant to establishing Perez’s bias during her deposition testimony. However, the trial court granted a portion of the motion in limine, prohibiting the parties from mentioning or introducing evidence that Perez had settled with Bern.
During opening statement, counsel for Plaintiff Bern told the jury:
In this case [the defendant, Acevedo] has said she’s not responsible at all for causing the accident and has blamed both my client, Kazandra Bern, and a vehicle that was traveling in front of her, Keilin Perez, for causing the accident. Likewise, my client has said that Ms. Acevedo ran a red light ...
[[Image here]]
But the evidence is going to show that [Acevedo] admitted that she was not paying attention at the time she [Acevedo] entered this intersection, at the time of the accident. She has decided to blame my client and Ms. Perez ...
[[Image here]]
The evidence will show that [Acevedo] has blamed my client for causing the accident and also Ms. Perez.
[[Image here]]
At the end of the day, what you will be asked to decide is obviously they blame Ms. Perez for causing the accident.
Defendants’ counsel made the following statement in his opening:
First, Counsel, as he suggested to you in opening, said to you that my client [Acevedo] is the one who blamed Keilin Perez, the purple Civic. The evidence will show you that it was his client, Ms. Bern, under oath who sued and blamed Ms. Perez—
(Emphasis added.)
Bern objected, requested a side bar, and moved for a mistrial, asserting the court had previously ordered counsel not to mention that Perez was a party to the case. Defendants responded that Bern’s attorney had opened the door in opening *234 statements by telling the jury the Defendants blamed Perez. The trial judge, recalling that she had ruled Perez’s involvement in the lawsuit was relevant to show bias, and therefore admissible, overruled the objection.[3] Defendants’ counsel then continued his opening statement:
Let me go back to where I was. If you recall Counsel in opening statement mentioning the fact that we blamed the purple Civic [Ms. Perez], the vehicle in front of the plaintiff. The evidence will show quite the contrary. It was the plaintiff [who] at one point blamed the purple Civic [Ms. Perez], the car that she was following. The evidence will show [Ms. Bern] blamed them under oath, okay? And the evidence will show that she sued them as well.
(Emphasis added.)
The next morning, Bern renewed her motion for mistrial, and brought to the court’s attention two relevant cases: Saleeby v. Rocky Elson Constr., 3 So.3d 1078 (Fla.2009) and Ellis v. Weisbrot, 550 So.2d 15 (Fla. 3d DCA 1989). After counsel made their arguments, the trial court ruled “it would be a violation of due process to preclude the defense from eliciting the testimony that the defendant — that Ms. Kei-lin Perez had been a defendant at the time that she gave her answer[s] in deposition. The facts and circumstances of the settlement still are precluded from being gone into by either party.”
At trial, Bern testified and confirmed Perez’s prior deposition testimony that Perez and Bern had a green arrow when they were making their left turn. During cross-examination, Defendants’ attorney questioned Bern regarding her answer to an interrogatory, wherein she referenced the allegations of her complaint, and which stated Perez was negligent and caused the accident.[4] Counsel for Bern objected and the trial court sustained the objection. However, later during cross-examination of Bern, Defendants’ counsel again questioned Bern regarding the allegations of negligence she made against Perez in the complaint. Counsel for Bern objected and this time the court overruled the objection.
During closing argument, Bern’s counsel told the jury it was the Defendants who blamed Perez for the accident. In response, counsel for Defendants reminded the jury that Bern had sued Perez as a defendant in the case; that Bern had sworn in her complaint that Perez negligently operated her vehicle and caused the accident; and that Bern later verified this in her sworn interrogatory answers which referenced the complaint’s allegations of negligence against then-defendant Perez.
Perez’s name was included on the verdict form pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla.1993). The verdict form *235 asked the jury whether there was negligence on the part of Perez which was a legal cause of loss, injury or damage to Bern and, if so, to state the percentage of negligence attributable to Perez. After deliberating, the jury returned a verdict in favor of Bern, but apportioned her 60 percent negligent. Ten percent negligence was apportioned to Defendants Acevedo/Camejo, and BO percent was apportioned to Perez. After set-offs, Defendants were ordered to pay Bern $67,679. After denying Bern’s motion for new trial, final judgment was entered, and this appeal followed. On appeal, Bern asserts a new trial is warranted because the trial court erred in allowing significant and repeated evidence and argument that Perez had originally been sued and named as a defendant in the case, leading the jury to the logical conclusion that Perez and Bern reached a settlement before trial and that Perez was dismissed from the lawsuit. We agree.
Section 768.041(3), Florida Statutes (2012) provides that “[t]he fact of ... a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury.”
The purpose of this law is to “promote Florida’s public policy favoring settlement by excluding such prejudicial evidence at trial.” Saleeby, 3 So.3d at 1083. As the Florida Supreme Court has recognized, “it is a practical impossibility to eradicate from the jury’s minds the considerations that where there has been a payment there must have been liability.” Id. at 1085 (quoting City of Coral Gables v. Jordan, 186 So.2d 60, 63 (Fla. 3d DCA 1966). See also, Baudo v. Bon Secours Hosp./Villa Maria Nursing Ctr., 684 So.2d 211, 213 (Fla. 3d DCA 1996) (noting that “by virtue of these statutes the parties are free to settle claims on their own terms without jeopardizing claims remaining against others.” (quoting Price v. Beker, 629 So.2d 911, 912 (Fla. 4th DCA 1993))).
In Webb v. Priest, 413 So.2d 43 (Fla. 3d DCA 1982), this court considered the application of section 768.041(3) in determining whether a new trial was warranted where defendants repeatedly brought to the jury’s attention the fact that other parties had been dropped as defendants. Finding this “the most damaging error” of the trial, the court reversed for a new trial, holding that although “it may be permissible to point to an ‘empty chair,’ it is not permissible to point out that the ‘empty chair’ was once a defendant in the case.” Id. at 46.
In Green v. Ed Ricke and Sons, Inc., 438 So.2d 25, 27 (Fla. 3d DCA 1983), this court again reversed and remanded for a new trial where “less flagrant” violations were at issue, holding it was improper for the defendant to bring to the jury’s attention “the fact that certain persons no longer present in the lawsuit had previously been defendants, in violation of section 768.041(3), even though neither the fact of settlement nor the terms of the agreement were mentioned.” The holding in Green was approved by the Florida Supreme Court upon subsequent review:
We agree ... that defense counsel’s closing argument was highly prejudicial and improper. The closing argument was not just a traditional empty chair argument. Defense counsel did more than simply argue that Dade County was responsible for the accident. Rather, defense counsel emphasized that there had been a prior suit against that empty chair.
Ed Ricke and Sons, Inc. v. Green, 468 So.2d 908, 909 (Fla.1985).
The Florida Supreme Court later extended its holding in Green, approving a *236 trial court’s decision to grant new trial, where defense counsel told the jury they might want to ask themselves why certain other persons were not in the courtroom because plaintiff was not going to tell them. Ricks v. Loyola, 822 So.2d 502 (Fla.2002). Importantly, in both Green and Loyola, defense counsel did not specifically elicit that the referenced individuals were former defendants, or that they had been dismissed or had settled their claims with the plaintiff. Nevertheless, the supreme court held “the objectionable statement could be construed to improperly refer to the underlying reason why those other parties were not involved in the case” because “jurors could logically have interpreted counsel’s statement to imply that a settlement had been reached with others involved in the case, despite the fact that counsel did not actually use the word ‘settlement.’ ” Id. at 508.
Here, as in Webb, Green and Loyola, the Defendants did not expressly use the words “settlement”, “release” or “dismissed by the court.” See § 768.041(3), Fla. Stat. (2012). However, the Defendants made repeated references, in testimony and argument, to the fact that Bern had sued Perez and that Perez was a prior defendant in the case, leading the jury logically and reasonably to conclude Bern had settled her claim against Perez prior to trial.
In the instant case, Defendants argued below (and here on appeal) that it was proper for the trial court to allow reference to Perez as a former defendant because it was relevant to show she was biased at the time she gave her deposition testimony. The trial court agreed with this argument, and denied this portion of Bern’s motion in limine. This ruling was erroneous under Florida law. In Saleeby, 3 So.3d at 1080, the Florida Supreme Court considered whether, despite the plain language of sections 768.041(3) and 90.408[5], “evidence of settlement may nevertheless be admitted to impeach a witness’s testimony.” The Court answered this question, unequivocally, in the negative: “the unambiguous language of these statutes admits no exceptions and ... violation of the prohibition is reversible error.” Id. at 1080. Further, the court noted, section 768.041(3) “plainly and unambiguously prohibits disclosure to the jury of any evidence of settlement or that a former defendant was dismissed from the suit.” Id. at 1083. See also, Ellis, 550 So.2d at 16; Ashby Div. of Consol. Aluminum Corp. v. Dobkin, 458 So.2d 335 (Fla. 3d DCA 1984) (reversing and remanding for new trial where counsel brought to the jury’s attention the fact that a witness was once a defendant in the lawsuit even if it was only to rebut opposing counsel’s reference to the witness as an independent eyewitness); Jordan, 186 So.2d at 63 (rejecting the proposition that evidence of settlement may be allowed where opposing counsel opened the door to the line of questioning.) Thus, because we hold that, as in Webb, Green and Loyola, the repeated references to' Perez’s status as a former defendant in this case constituted a violation of section 768.041(3), Saleeby prohibits these references even if made for the avowedly limited purpose of impeaching, or establishing the bias of, the former defendant’s testimony.
*237 Finally, we must consider the case of Harris v. Grunow, 71 So.3d 186 (Fla. 3d DCA 2011). In Grunow, a former defendant in a related case was called by the plaintiff to testify at trial. The witness’ status as a former defendant in the related case was not revealed to the jury. On cross-examination, defense counsel asked the witness whether he (the witness) had talked to an attorney about the case. The witness stated that he had, and admitted that he had also given a deposition. Id. at 189. Defense counsel then asked the witness whether (at the time he gave his deposition) he was concerned that his company would be “pulled into this case,” to which the witness responded, “[w]e already were at that point.” Id. This court held that a new trial was not warranted because “[njeither the question nor the answer indicated that there had been a settlement or dismissal.” Id. This holding is similar to that in Griffin v. Ellis Aluminum & Screen, Inc. 30 So.3d 714, 718 (Fla. 3d DCA 2010), which held that a “fleeting mention” by counsel which does not “inform or even suggest to the jury that [a former defendant] had been a party to the action or had settled out of the lawsuit” was not sufficient to warrant a new trial.
The facts of the present case are plainly distinguishable from both Griffin and Gru-now because defense counsel, on numerous occasions, elicited testimony, introduced evidence, and argued to the jury that Bern had sued Perez for the accident; that Perez was previously a named defendant in this case; and that Bern alleged in her complaint that Perez, as a former defendant, was negligent and caused the accident. This evidence and argument represented significantly more than a “fleeting mention,” Griffin, 30 So.3d at 718, and constituted a violation of section 768.041(3).[6] Accordingly, we find that under current and binding case law from this court, and from the Florida Supreme Court, the trial court erred in denying Bern’s motion for new trial.[7]
*238 Reversed and remanded for new trial.[8]»

. Perez did not testify live at trial; however, her deposition testimony was read into the record before the jury.

. In answering interrogatories, Bern specifically referenced the allegations contained in her complaint, which alleged that Perez (and the other Defendants) acted negligently and caused the accident. In reading these interrogatory answers to the jury, it was apparent that Perez and Martinez were originally named as defendants in the complaint.

. Specifically the court said, "Normally the fact that she's a defendant in the lawsuit would not be admissible. However, in this case it was admissible because it goes to her bias in the [deposition] answers that she gave.”

. The interrogatory answer read to the jury stated:
Please refer to the allegations outlined in the complaint. Specifically both drivers listed in the complaint failed to use reasonable care in operating their vehicles through the intersection in question, which caused the accident in question.
Defendants' counsel also read to the jury an excerpt from the complaint referenced in the interrogatory answer:
At the time and place outlined above, ... Keilin Perez so negligently operated and maintained her motor vehicle so as to cause it to come in contact with the motor vehicle operated by defendant, Dafne Acevedo. As a direct and proximate result of this initial collision, the vehicle driven by Dafne Acevedo collided with [the plaintiff.]

. Section 90.408, Florida Statutes (2012) provides: "Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value.”

. We have considered Defendants’ argument that this court, in Grunow', held it was acceptable to ask a plaintiff on the witness stand, in front of the jury, whether she sued another party in related litigation. See Grunow, 71 So.3d at 189 (noting that sections 768.041 and 90.408 do not "prohibit questions of the kind asked by [defense] counsel — did you sue X corporation or Y? Expressed another way, the fact of the assertion of another claim is not of itself evidence of a settlement, compromise, release or dismissal of a claim.") However, this was not the actual holding of the Grunow court and was limited to the unusual facts of the two related lawsuits involved in that case. The question posed in that portion of the opinion was hypothetical, and the court's observation ventured beyond that essential to the disposition of the case. As such, it was merely dictum, and has no precedential value. State ex rel. Biscayne Kennel Club v. Bd. of Bus. Regulation, 276 So.2d 823, 826 (Fla.1973); Ladner v. Plaza Del Prado Condominium Ass’n, 423 So.2d 927, 929 (Fla. 3d DCA 1982). Moreover, the singular question asked, and ambiguous answer elicited, in Gru-now is quite different from the instant case, where the defense, on at least five occasions, elicited testimony, introduced evidence, or argued to the jury that a witness had been sued by the Plaintiff and had previously been a defendant in the very same case being tried by the jury.

. Because we are remanding for a new trial, it should be noted that we do not suggest by this opinion that Plaintiff cannot be impeached by a prior statement in which she alleged Perez acted in a negligent manner. While it may be entirely proper to introduce evidence that Plaintiff at some earlier time blamed Perez for the accident, it is improper to introduce evidence or argue to the jury that Plaintiff had also sued Perez, or that Perez was a named defendant at the time of the prior statement. It is the repeated references to the witness’ status as a former defendant, rather than the existence and content of the prior statement, which created the harmful error, by leading the jury to the logical conclusion that a settlement was reached between the plaintiff and the former defendant.

. Bern raised several other issues on appeal, which we find to be without merit and affirm the trial court's rulings as to those issues.